STATE, MARCUS MEYER, PROSECUTOR, v. EZRA W. ARNOLD.

A plaintiff who sues upon an official bond of a justice and obtains a judgment in the Supreme Court for the penalty, ($500,) and the damages assessed are $36, is not entitled to costs. The amount recovered, within the meaning of section 268 of the Practice act, is $36, and not $500.

This is an action brought upon an official bond given by a justice of the peace, in the penal sum of $500.   The action is prosecuted by Marcus Meyer by virtue of the tenth section of an act relative to justices of the peace.   The damages assessed by the jury amounted to $36.   The question now propounded is, whether the plaintiff is entitled to costs.

Argued at November Term, 1880, before Justices DIXON, REED and PARKER.

For the plaintiff, *J. A. Cobb.*

For the defendant, *J. W. Beekman.*

The opinion of the court was delivered by

REED, J.    The provision in the Practice act relative to the recovery of costs by the plaintiff is found in *Rev.*, *p.* 890, § 268.    This is its language : " If in any suit commenced in the Supreme Court, the plaintiff shall not recover above $200 exclusive of costs, then such plaintiff shall not be entitled to costs."

The present action being upon a bond, and the judgment necessarily entered thereupon being for the penalty of $500, it is contended that this is the sum recovered, and so the plaintiff is entitled to costs.    The opposite view is that the sum recovered, within the meaning of the act, is the sum of $36, the damages assessed to the plaintiff.

I think, within the meaning of the section, the latter is the better view.

The language is not, as in the section limiting the recovery of costs in actions in the Circuit Court, that they shall be dependent upon obtaining a judgment for a certain amount.

The word, "recovery" should have its ordinary significance, and in that sense the plaintiff cannot be said to recover more than he obtains by his suit.    He gets less than $200.

This seems to be the signification accorded to the word by the English courts, where it has been used in similar statutes.

By the 7 and 8 *Vict.*, *c.* 96, § 57, it is enacted that no person shall be taken in execution upon any judgment obtained in any action for the recovery of any debt wherein the sum recovered shall not exceed £20.    A judgment was entered on bond and warrant for £500 penalty and a *ca. sa.* issued for £16, the amount of annuity due.

It was held that in the sense meant by the legislature the recovery was only for £16 and not £500, and the defendant was entitled to his discharge.    *Johnson* v. *Harris*, 15 *C. B.* 357.

By the 13 and 14 *Vict.*, *c.* 61, § 11, it is provided that if in any action commenced in any of her majesty's superior courts of record, in covenant, debt, detinue or *assumpsit,*   *   *   the plaintiff shall recover a sum not exceeding £20,   *   *   the plaintiff shall have judgment to recover such sum only, and no costs.

In the case of *Gowens* v. *Moore,* 3 *H. & N.* 536, a judgment was entered upon a bond in the penal sum of £20, conditioned for the payment of £12. It was held that the plaintiff was not entitled to costs, and that the sum recovered, within the meaning of the last-named statute, was £12 only.

Nor do I see that the soundness of this construction is at all impaired by the fact that the judgment in this case stands as security for future breaches. *Roll* v. *Maxwell,* 2 *South.* 494, 2 *Chit. Pl.* *584.

There may never be another breach. The right of recovery is dependent upon the occurrence of a breach, and the only right now established is to recover for the breach already assigned and proved.

As to what, if any, costs may accrue upon a recovery for subsequent breaches, the court will dispose of that question when it arises.

The plaintiff is not entitled to costs.